IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL ROBINSON, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 20-CV-4529 |
| | : | |
| THE COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.*, | : | |
|     Defendants. | : | |

MEMORANDUM

**BAYLSON, J.**                                                              **DECEMBER    22, 2020**

This matter comes before the Court by way of a Complaint (ECF No. 2) brought by

Plaintiff Carl Robinson, proceeding *pro se*.  Also before the Court are Robinson's Application to

Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No.

3), his filing entitled "Amended Defendants to Count Three" (ECF No. 5), his Statement (ECF

No. 6), and his Motion to Request Counsel (ECF No. 7).  Because it appears that Robinson is

unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma*

*pauperis*.  For the following reasons, the Complaint will be dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).

I.      FACTUAL ALLEGATIONS[1]

Robinson, a prisoner currently incarcerated at State Correctional Institution – Mahanoy,

brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth,

Fifth, Sixth, Eighth, and Fourteenth Amendment rights.  (ECF No. 2 at 6, 11-20, 35.)[2]  Robinson

---

[1] The factual allegations set forth in this Memorandum are taken from Robinson's Complaint
(ECF No. 2) and the documents and exhibits attached thereto.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

names approximately 20 different Defendants ranging from the Commonwealth itself, the former

Mayor of Philadelphia, Michael Nutter, the former Philadelphia District Attorney Lynn

Abraham, multiple Philadelphia Police Officers involved in his arrest, the Philadelphia Police

Department, the Superintendent of Curran-Fromhold Correctional Facility ("CFCF"), a physician

at CFCF, the Pennsylvania Department of Public Welfare, Temple University Hospital, a doctor

at Temple Hospital, and the Administrative Office of the Courts of Pennsylvania, among others.

Robinson alleges that the events giving rise to his claims occurred on June 1, 2006, after he

"committed involuntary manslaughter" and was subdued and taken into custody by the police.

(*Id.* at 8-9, 36-37.)

In presiding over a habeas petition Robinson filed challenging his conviction stemming

from the events of June 1, 2006, the Honorable Henry S. Perkin, United States Magistrate Judge,

described the underlying facts of the crime as set forth by the PCRA court as follows:

> On June 1, 2006, [Robinson] entered the SK wireless store at Broad Street
> and Erie Avenues in Philadelphia. The Owner, three employees and several
> customers were in the store. [Robinson] who was a former employee
> announced he needed to use the restroom.  He walked behind the counter
> and down a hall to the restroom.  When he returned, [Robinson] picked up
> a phone and dialed 911.  He told the dispatcher a robbery was occurring
> and described one of the customers as the robber.  That customer left.
> [Robinson] made the owner, Sean Kim and an employee, Andy Kim lie on
> the floor.  [Robinson] then fired a gun a total of fourteen times.  Andy Kim
> was shot twice in the head.  Sean Kim also was shot twice in the head and
> once in the chest. As the shots began panic ensued in the store, as people
> tried to leave, [Robinson] fired at them.  Nobody else was shot, but the
> front windows were shot out. The 911 call captured the incident and was
> played at trial.
>
> Immediately after the shooting [Robinson] put down the Glock pistol he
> used. [Robinson] stole the gun from his cousin three days before the
> slaughter. [Robinson] fled, attempted to car jack several vehicles and was
> apprehended by four police officers a half block from the scene.

*Robinson v. Mooney*, Civ. A. No. 16-4224, 2018 WL 3451560, at *1, n.1 (E.D. Pa. June 22,

2018) (citing *Commonwealth v. Robinson*, CP-51-CR-0802251, PCRA Ct. Op., 12/20/2016, pp.

1-2), *report and recommendation adopted*, 2018 WL 3438796 (E.D. Pa. July 16, 2018).  As a

result of the June 1, 2006 killings, Robinson "proceeded to a non-jury trial before the Honorable

Shelley Robins-New in the Philadelphia Court of Common Pleas [on February 8, 2011.]  On

February 10, 2011, the court found him guilty but mentally ill of two counts of first-degree

murder, two counts of attempted murder, two counts of aggravated assault, and a firearms

violation. . . . On February 15, 2011, Petitioner received mandatory life sentences for the two

first-degree murder convictions and lesser terms of incarceration for the remaining offenses."

*Robinson*, 2018 WL 3451560, at *1.  The Court ultimately denied Robinson's habeas petition.

*See Robinson v. Mooney*, Civ. A. No. 16-4224, 2018 WL 3438796, at *1 (E.D. Pa. July 16,

2018).  Robinson moved pursuant to Federal Rule of Civil Procedure 60(b) to vacate the

judgment denying his habeas petition, and the Honorable Cynthia M. Rufe denied his motion in a

July 9, 2019 Order.  *See Robinson v. Mooney*, Civ. A. No. 16-4224 (July 9, 2019 Order).

    The Court understands Robinson's Complaint as seeking to challenge the events that

occurred during the course of his arrest and his subsequent processing and treatment by police

and medical personnel following the killings on June 1, 2006, as well as his confinement at

CFCF and the alleged lack of treatment that occurred at that facility shortly after he was

confined.  (ECF No. 2 at 8-9, 11-20.)  In general, Robinson claims that all Defendants acted with

deliberate indifference to his mental illness at the time of his arrest, his treatment at Temple

University Hospital, and his commitment to CFCF in 2006.  He alleges that he did not receive

proper treatment for his mental illness as a result of excessive force by the police during his

arrest and processing in 2006, and that the Defendants committed medical negligence.  The

3

Complaint makes clear that these events began on or about June 1, 2006 and ended, at the latest, on or about February 20, 2011, when Robinson's confinement at CFCF ended. (*Id.* at 3.) Robinson also appears to be bringing a claim based on the Judge Rufe's denial of his 60(b) motion and other post-judgment motions Robinson filed in his habeas case. (*Id.* at 10-11 & 45.) Robinson seeks damages in the amount of $1,000,000.00.

## II.    STANDARD OF REVIEW

The Court will grant Robinson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations and generalized statements do not suffice to state a claim. *See Id.*  Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").  As Robinson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[3]  However, because Robinson is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

**III.     DISCUSSION**

In the Complaint, Robinson seeks to bring claims for violations of his civil rights

pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought

in federal court.  Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).  "A defendant in a civil rights action must have personal involvement in the

alleged wrongs."  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, Robinson alleges that on the date of the killings, June 1, 2006, he was subdued by

police officers and taken into custody.  He claims that the officers used excessive force in the

court of that arrest, as well as subsequently when they took Robinson to Temple University

Hospital for further treatment before processing him and confining him at CFCF.  He also

repeatedly alleges that the Defendants acted with deliberate indifference in failing to properly

treat him for his mental illness at that time.  However, all of Robinson's constitutional claims

against all Defendants are time-barred.  Pennsylvania's two-year statute of limitations applies to

these claims.  *See*  42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  A

claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can

file suit and obtain relief."  *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)

(quotations omitted).  Here, most of Robinson's claims accrued on or about June 1, 2006 or

shortly thereafter, the date and time period when Robinson was first arrested, processed, and treated by Defendants.  *See, e.g., LeBlanc v. Snavely*, 453 F. App' x 140, 142 (3d Cir. 2011) (per curiam) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury." ); *see also Hickox v. Cty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (per curiam) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions.").  Robinson's claims based on medical treatment at CFCF accrued by 2011, when he was last housed at CFCF.

Accordingly, Robinson would have been obligated to file this civil action within two years of the alleged assault that occurred during his arrest and processing and the treatment he subsequently received at Temple University Hospital and CFCF – by approximately June 1, 2008.  He would have been obligated to file claims based on his treatment at CFCF by 2013. However, Robinson's Complaint was filed with the Court in September of 2020.[4]  (*See* ECF No. 2).  As Robinson filed his Complaint several years after the latest date the statute of limitations could have expired, his claims are untimely and must be dismissed.[5]  Leave to amend will not be granted as any attempts to amend would be futile.   Although any claims based on Judge Rufe's denial of Robinson's 60(b) motion and other post-judgment motions would not be time-barred, the Court cannot discern any non-frivolous basis for a constitutional claim against any of the

---

[4]   Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  It is not clear when Robinson submitted his complaint to prison authorities for mailing, but it is dated September 9, 2020 and was received by the Court on September 14, 2020. (*See* ECF No. 2 at 22.)  Even using the earliest date of filing, September 9, these claims are clearly time-barred.

[5] There is no reasonable suggestion that tolling applies here, especially in light of Robinson's prosecution of his habeas claims in federal court.

named Defendants based on Judge Rufe's handling of those motions.  Accordingly, those claims

will be dismissed with prejudice on their merits.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Robinson leave to proceed *in forma*

*pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Robinson's Motion to Request Counsel will be denied.  *See Tabron v. Grace*, 6 F.3d 147, 155

(3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should

first determine whether plaintiff's lawsuit has a legal basis).  An appropriate Order follows.

**BY THE COURT:**

**s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, J.**